IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                   **Case No. 08-40010-01**
                                          **10-4109-RDR**

ROBERT THOMAS JOHNSON,

        Defendant.

## **O R D E R**

This case is before the court upon defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. On May 29, 2009, defendant pleaded guilty to the charge of possession with intent to distribute methamphetamine. Defendant was representing himself at that time. On November 20, 2009, defendant was sentenced to a term of 38 months. Defendant brought a direct appeal. This appeal was dismissed on the grounds that defendant waived his right to appeal when he pleaded guilty.

I.  STANDARDS GOVERNING § 2255 MOTIONS

In U.S. v. Chandler, 291 F.Supp.2d 1204, 1209-11 (2003), this court set forth standards which are applied to § 2255 motions.

> In order to obtain relief under § 2255 on the basis of constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In order to obtain relief on the basis of non-constitutional error, the petitioner must show a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process.

Reed v. Farley, 512 U.S. 339, 353-354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; United States v. Galloway, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995). To be entitled to an evidentiary hearing, the defendant must allege facts which, if proven, would entitle him to relief. See Hatch v. Oklahoma, 58 F.3d 1447, 1471 (10th Cir. 1995), cert. denied, 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996). "[T]he allegations must be specific and particularized, not general or conclusory." Id. . . . .

A proceeding under § 2255 may not be used to challenge the legality of matters which should have been raised on direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). To overcome this procedural bar, the defendant must show cause for his failure to present the claim on direct appeal and prejudice resulting therefrom, or that a fundamental defect occurred which inherently resulted in a complete miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Allen, 16 F.3d at 378.

II. CASE HISTORY

Upon review of defendant's motion, the court finds that defendant is raising arguments which he has raised previously or which could have been raised previously. The arguments also do not warrant relief on their merits. A brief history of this matter will help explain our findings.

Defendant's conviction arose from a traffic stop and search of defendant's vehicle on or about August 19, 2007. The probable cause for the traffic stop was supplied by a drug dog's alert to defendant's vehicle while the vehicle was parked at the Prairie Band Casino and Resort which is on the Potawatomi Reservation.

2

Defendant was in the casino at the time of the dog sniff and was unaware it was happening. The drug dog was handled by John Hurla, who at that time was an officer with the Potawatomi Tribal Police Department. The dog's alert was witnessed by Hurla and Officer Besenyi, also of the Potawatomi Tribal Police Department. Officer Besenyi later initiated the traffic stop after plaintiff drove his vehicle from the casino parking lot. Hurla participated in the traffic stop as did a third officer. The stop occurred just outside the boundaries of the reservation. The court denied a motion to suppress evidence obtained as a result of the dog sniff and the traffic stop. During the motion to suppress hearing and during a May 18, 2009 hearing upon a motion to reconsider, the court heard testimony from Hurla. Officer Besenyi testified as well during the hearing on the motion to suppress.

Prior to entering his guilty plea, defendant was aware that before Hurla became a law enforcement officer, Hurla was charged with felony crimes in 1999 and entered a diversion agreement.

Prior to sentencing, defendant filed a pro se pleading requesting "judicial review of newly discovered evidence of police misconduct, and gross constitution (sic) violations amounting to a total miscairage (sic) of justice." Doc. No. 164. This pleading made reference to: a Kansas Supreme Court decision which discussed Hurla's diversion agreement; Hurla's work history and training; a notice of the revocation of Hurla's law enforcement certification;

3

and the qualifications for being a tribal law enforcement officer. Defendant argued that: Hurla lied (or committed fraud) to become a law enforcement officer; that he was not qualified to be a law enforcement officer; that he had no authority to stop, search and arrest defendant; and that the government's case was entirely dependent upon Hurla's testimony. Defendant alleged a violation of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution.

This court refused to grant relief to defendant in part because defendant had pleaded guilty. Doc. No. 167. The court recited the following passage from U.S. v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir.) cert. denied, 546 U.S. 891 (2005):

> "[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects. . . . Accordingly, the Supreme Court has declared:
>> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea ...
>
> Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)."

Doc. No. 167 at p. 2. The court further noted that the Constitution does not require that only properly qualified law enforcement officers investigate and arrest persons for violations of the law.

4

> The concept of citizen's arrest is well-established in the law. See, e.g., K.S.A. 22-2403. Furthermore, in the first order issued by this court upon defendant's motion to suppress, the court cited cases in which arrests made outside the state authority of the arresting officers did not require the suppression of evidence or the dismissal of prosecutions. <u>Virginia v. Moore</u>, 128 S.Ct. 1598 (2008) (arrest for misdemeanor driving while suspended charge which exceeded arrest authority under Virginia law); <u>Atwater v. City of Lago Vista</u>, 532 U.S. 318 (2001) (warrantless arrest for misdemeanor seatbelt violation contrary to Texas statute); <u>Whren v. United States</u>, 517 U.S. 806 (1996) (traffic stop by plainclothes policeman in an unmarked car in contravention of District of Columbia police regulations prohibiting such officers from enforcing traffic laws except under grave conditions).

Doc. No. 167 at p. 4. See also, <u>U.S. v. Turner</u>, 553 F.3d 1337, 1346 (10th Cir.) <u>cert. denied</u>, 129 S.Ct. 2446 (2009) (authority of local police to arrest under Colorado law is not relevant to Fourth Amendment analysis if the police officers had probable cause to believe a crime had been committed in their presence); <u>U.S. v. Gonzales</u>, 535 F.3d 1174, 1183 (10th Cir.) <u>cert. denied</u>, 129 S.Ct. 743 (2008) (traffic stop outside of police officers' jurisdiction in violation of Colorado law did not violate Fourth Amendment). It was further noted that the Constitution did not require the government to give a defendant notice of all evidence or all information which might affect a defendant's decision as to whether to plead guilty. See <u>U.S. v. Ruiz</u>, 536 U.S. 622 (2002); <u>Ferrara v. U.S.</u>, 456 F.3d 278, 291 (1st Cir. 2006) (it is only when a defendant's misapprehension results from some "particularly pernicious form of impermissible conduct that due process concerns

5

are implicated"). Doc. No. 167 at pp. 3-4. It should be remembered, however, that in this case defendant was aware of Officer Hurla's criminal record prior to pleading guilty.

III. ARGUMENTS AND ANALYSIS

Defendant's § 2255 motion makes more or less the same arguments that were raised in his motion for judicial review or in other motions filed prior to defendant's guilty plea or sentence. Defendant alleges perjury and fraud by Hurla. He claims there was a defect in the indictment and the grand jury proceedings because Hurla was not qualified to be a law enforcement officer and was required to give up his Kansas law enforcement certification. He alleges that he was denied due process, equal protection, the right to confront witnesses against him, as well as the right to compulsory process (although this last allegation is never explained). Defendant further claims that his guilty plea was not a knowing and intelligent plea and that he was denied effective assistance of counsel.

Most of these claims are without merit because, among other reasons, defendant made a voluntary and intelligent guilty plea which waives any claim that his constitutional rights were violated. This was explained in the prior order of this court upon defendant's motion for judicial review. These claims are also subject to dismissal because defendant either did or could have

raised them on direct appeal.[1] Defendant attempts to argue that Hurla's lack of qualifications to serve as a law enforcement officer had some impact upon this court's jurisdiction to hear the charges against defendant and accept defendant's guilty plea. This is a non sequitur. Defendant has made no arguably valid jurisdictional challenge.

Defendant alludes to ineffective assistance of counsel, which is normally an argument heard upon a § 2255 motion because it supplies a reason to excuse the failure to raise arguments at the district court level or on direct appeal. However, defendant voluntarily and intelligently waived his right to counsel. Therefore, he cannot claim the denial of his right to competent counsel. McKaskle v. Wiggins, 465 U.S. 168, 177 n. 8 (1984); Wilson v. Parker, 515 F.3d 682, 696 (6th Cir. 2008) cert. denied, 130 S.Ct. 113 (2009).

---

[1] The court is unaware of any reason which would excuse defendant for failing to raise these arguments on direct appeal. Defendant does not claim actual innocence. Nor does he provide any grounds to find that his guilty plea was made involuntarily or without proper knowledge. Finally, defendant's waiver of appeal, as part of his plea agreement, was freely and knowingly made. Therefore, the waiver of appeal should not be considered a good reason to permit defendant to "save" arguments for a § 2255 motion. See Garcia-Santos v. U.S., 273 F.3d 506, 508 (2nd Cir. 2001). The court acknowledges that the waiver in defendant's plea agreement extends to a § 2255 motion. But the court does not rely upon this as grounds to dismiss this motion because the government has not been required to answer and has not asked the court to enforce the waiver. See U.S. v. Hahn, 359 F.3d 1315, 1328 (10th Cir. 2004)(government may waive the right to enforce an appeal waiver if it does not assert a motion to enforce the waiver).

Finally, defendant argues that the government cannot knowingly use perjured testimony to obtain a guilty verdict. See U.S. v. Rangel, 519 F.3d 1258, 1265 (10th Cir. 2008). That did not happen in this case. Defendant voluntarily pleaded guilty.

IV. REQUEST FOR EVIDENTIARY HEARING

Defendant has requested an evidentiary hearing upon his motion. As previously mentioned, an evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; United States v. Galloway, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995). To be entitled to an evidentiary hearing, a defendant must allege facts which, if proven, would entitle him to relief. See Hatch v. Oklahoma, 58 F.3d 1447, 1471 (10th Cir. 1995), cert. denied, 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996). An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999), quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995); see also U.S. v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994)(rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments); Hatch, 58 F.3d 1471 ("the allegations must be specific and particularized, not general or conclusory").

The court concludes that the files and records in this case conclusively show that defendant is not entitled to relief. Therefore, the court shall deny the request for an evidentiary hearing.

V.  CONCLUSION

Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**IT IS SO ORDERED.**

Dated this 15th day of October, 2010 at Topeka, Kansas.

                                              s/Richard D. Rogers
                                              United States District Judge