IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               **Case No. 08-40010-01**
                                           **10-4109-RDR**

ROBERT THOMAS JOHNSON,

        Defendant.

**MEMORANDUM AND ORDER**

This case is before the court upon defendant's motion for reconsideration of this court's denial of defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. The motion shall be denied for the following reasons.

Defendant begins his motion with cursory references to "cause and prejudice" and "complete miscarriage of justice" and the following cases: U.S. v. Frady, 456 U.S. 152, 170 (1982); McCleskey v. Zant, 499 U.S. 467, 494 (1991); and Reed v. Farley, 512 U.S. 339, 353-54 (1994). The court assumes these are defendant's grounds for reconsideration. Defendant pleaded guilty to possession of methamphetamine with intent to distribute. Defendant admitted that he possessed methamphetamine which was in his vehicle as he drove away from a casino. No argument in the instant motion denies his guilt of the crime for which he was sentenced. Nor does defendant persuasively explain how he was denied his constitutional rights. For this reason, he cannot show

"cause and prejudice" or a "complete miscarriage of justice."

The arguments that follow in defendant's motion simply repeat arguments which this court has already rejected twice. Doc. Nos. 167, 194. The court has previously told defendant that we look at these matters when examining a motion for reconsideration: whether there has been a change in the controlling law; the availability of new evidence; and the need to correct clear error or prevent manifest injustice. Doc. No. 90 (citing U.S. v. Lawson, 2008 WL 380486 (D.Kan. 8/15/08) (Judge Murguia)). None of these circumstances exist in this case.

The arguments which defendant repeats do not warrant relief. The court will again attempt to explain this, although to save time, we will refer the reader to prior discussions and case citations in Doc. Nos. 167 and 194 where the court previously discussed and rejected defendant's claims.

Defendant contends that his right to confrontation was denied because the court granted a motion in limine filed in anticipation of trial which would have prevented defendant from referring to the criminal record of one of the arresting officers in this case. Defendant gave up his right to confrontation when he decided to plead guilty and, thus, waived his right to a jury trial. Moreover, defendant cannot prove any prejudice from the court's ruling. This is not only because defendant pleaded guilty and waived a jury trial, but also because the officer's criminal

2

convictions were not relevant to assessing his credibility or the credibility of the other arresting officers who participated in the investigation and arrest in this case. Defendant suggests that the criminal convictions, which eventually became grounds to revoke the officer's law enforcement certification, were relevant to argue to a jury that the officer did not have legal authority to investigate (as a drug dog handler and otherwise) and arrest defendant. However, this is a legal argument, not a question for a jury decision. The court has already rejected this legal argument, finding that defendant's arrest and prosecution were not unlawful simply because an officer who later was disqualified from his position participated in his arrest.

The court also believes the officer's criminal record was not pertinent to the officer's credibility for purposes of defendant's motion to suppress or for a future trial. The court was aware of the officer's criminal record at the time it ruled upon the suppression issues in this case, but still found that the officer was a credible witness. There is no reason to believe that defendant's attack upon what he terms a "star" witness would have been accepted by a factfinder when: another officer corroborated the disqualified officer's testimony; the other officer confirmed that the drug dog handled by the disqualified officer alerted to drugs defendant admits were in the vehicle; and the disqualified officer's prior criminal conduct had nothing to do with the

3

officer's performance as a law enforcer. Moreover, to repeat, this is a matter which defendant waived when he pleaded guilty.

Defendant continues to raise the legal argument that the revoked certification makes void any official action the officer performed. He cites no persuasive authority or case law for this point. A police officer acting beyond his jurisdiction or without legal authority cannot be compared to a judge acting without jurisdiction. The court has cited several cases holding that courts may consider charges stemming from arrests which were made outside the authority or jurisdiction of the arresting officer. When this court assesses probable cause, the court must determine from the <u>facts</u> if there was probable cause that a person committed a crime. Whether the officer/drug dog handler was qualified to obtain his certification because of his criminal record, has nothing to do with whether he was trained as a law enforcement officer and drug dog handler. His training as such made his testimony credible in light of all the other circumstances in this case, regardless of whether he committed crimes prior to becoming a law enforcement officer which were later determined to require the revocation of his law enforcement certification.

Defendant contends that this court's ruling protects police misconduct which the exclusionary rule is designed to deter. However, defendant waived his suppression arguments based on the exclusionary rule when he pleaded guilty. Moreover, defendant does

4

not identify how police misconduct violating his constitutional rights was involved in this case. Defendant's right against unreasonable search and seizure was not violated if there was probable cause to believe he was committing a crime. The drug dog alert provided such probable cause. This is because the drug dog and the dog's handler received training in drug detection. No argument presented by defendant regarding the drug dog handler's criminal record before he became a police officer discredits the officer's training and expertise as a drug dog handler or the dog's training in drug detection. Therefore, defendant cannot claim that his right against illegal search and seizure was violated.

Defendant decries this court's finding that he cannot claim ineffective assistance of counsel since he waived his right to counsel and decided to represent himself. However, he cites no legal authority to support his position. Defendant chose to exercise his right to self-representation. Having done so, he cannot claim that his incompetent self-representation is grounds to vacate his conviction or sentence and to restart the legal process.

Defendant asserts that his plea was "constructively coerced." He provides no support for this argument other than a reference to the revocation of an arresting officer's law enforcement certification which, defendant repeats, should make his conviction void. Defendant made a voluntary and intelligent plea of guilty. The fact that he is now aware of an argument against his charges

that he did not make prior to his conviction, does not make his plea involuntary or unknowing. For the third time, the court refers defendant to the discussion in U.S. v. Ruiz, 536 U.S. 622, 630-33 (2002).

Next, defendant contends again that the officer lacked authority to arrest defendant and investigate the case as a drug dog handler. The court has already addressed this point. The post-arrest revocation of the officer's law enforcement certification does not invalidate the grand jury's finding that there was probable cause, or defendant's admission of guilt, or this court's jurisdiction to find that defendant violated the drug laws of the United States.

Finally, defendant contends that the officer committed perjury by misrepresenting the reason why he was shifted to the position of a dispatcher when he testified before this court. The reason for the change of jobs is not pertinent to the crime in this case, nor is it pertinent to the circumstances of defendant's plea of guilty. While it may relate to credibility, it does not alter the basic credibility calculus in this case since another officer witnessed the drug dog alert. In any event, defendant waived his arguments regarding suppression -- including the credibility of the drug dog handler -- because he pleaded guilty. A defendant who unconditionally pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that

occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . ." U.S. v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003)(quoting tollett v. Henderson, 411 U.S. 258, 267 (1973)). When a defendant voluntarily and unconditionally enters a guilty plea, he waives all non-jurisdictional defenses and thereby fails to reserve the right to have the denial of a pretrial motion to suppress reviewed. Id.; Mabry v. Johnson, 467 U.S. 504, 508 (1994) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person . . . may not be collaterally attacked.").

For the above-stated reasons, defendant's motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated this 9th day of November, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

7